UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

JAMES K SCHENKE,

    Plaintiff,

v.  NO. 4:18 CV 79

THOMAS LEHMAN,
JODI ROHLER,
BARRY RICHARD,
BOB GOLDSMITH,
TERRY RULEY,
SCOTT HODSON,
MATTHEW COUCH,

    Defendants.

## OPINION and ORDER

James K. Schenke, a *pro se* plaintiff, filed a complaint and an in forma pauperis ("IFP") petition. The IFP statute, 28 U.S.C. § 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs of the action. *See* 28 U.S.C. § 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. § 1915(e)(2); *Denton*, 504 U.S. at 27. If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757.

Furthermore, a court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. §

1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Schenke satisfies the financial prong of the analysis, but the complaint falls short of what is required to state a claim. He complains that the defendants falsely arrested him for domestic battery in his home on October 28, 2016. The Fourth Amendment protects individuals from unreasonable seizures. However, "[i]t is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). In the complaint, Schenke admits that his wife reported to police that he had battered her and their children in the family home on October 28, 2016. (DE # 1 at 11.) The attached police report confirms this fact and goes on to provide more detail as to

2

what led to Schenke's arrest. (*Id.* at 19-21.) Because this information was sufficient to establish probable cause to arrest Schenke, he has not stated a plausible false arrest claim. Accordingly, the court will deny the request for leave to proceed in forma pauperis and dismiss the complaint.

As explained, this complaint does not state a constitutional claim against any defendant. Though it does not appear that Schenke could state a claim even if he filed an amended complaint, he will nevertheless be permitted to do so. *See Luevano*, 722 F.3d 1014. Along with any amended complaint, Schenke must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee.

For these reasons, the court:

(1) **DENIES** the Motion to Proceed in Forma Pauperis (DE # 2);

(2) **DISMISSES** the complaint (DE # 1);

(3) **GRANTS** Schenke until December 17, 2018, to submit an amended complaint, accompanied by a new Motion to Proceed In Forma Pauperis or the filing fee; and

(4) **CAUTIONS** Schenke that if he does not do so by that deadline, this case will be dismissed without further notice.

**SO ORDERED.**

Date: November 20, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT